## MILLER *v.* SCHAFFNER.

[No. 14,152. Filed July 1, 1931. Rehearing denied October 6, 1931.]

*Alvah J. Rucker* and *B. Howard Caughran,* for appellant.

*Paul G. Davis,* for appellee.

LOCKYEAR, J.—The complaint in this action is on a common count for money had and received.

On October 28, 1928, appellant in this action delivered to appellee a check for the sum of $500, and the question for the lower court to decide was whether the $500 delivered to appellee was to pay the debts of appellee's husband, or whether it was to pay her own debts, for which she agreed to repay the $500 to appellant.

There was a trial before the court, without the inter-

vention of a jury, and a finding for appellee. There is evidence in this case that appellant herein is the grandmother of the then appellee's husband, who had become financially involved and had issued a large number of checks which the appellee had paid, and that there was an agreement between appellant and her said husband that she would loan him $500 with which to repay his former wife, the appellee, the amounts that she had paid out for him.

The appellee testified that, before the check was handed to her on October 23, 1925, she had a conversation with appellant about the matter at the home of Mrs. Barbara Schaffner. Mrs. Schaffner is the daughter of appellant and the mother of appellee's husband. Those present were Barbara Schaffner, appellant, and Carl Schaffner, the husband of appellee. At this conference, appellee told appellant that she would not accept the $500 loan because she had no money, and had made these checks good; that, if appellant wanted to make the loan to Carl to take care of debts, it was all right, but appellee could not pay it. At that time, Carl said: "I have issued these checks and Thelma (the appellee) has taken care of them. This debt is mine." The appellant said it grieved her that Carl had done this and she would not expect appellee to do this, but she would loan it to Carl, and he said he would give her a note for it. She testified further that appellee told appellant to make the check to Carl, but appellant suggested that the check be made to appellee, since she was to pay the money on these debts, and appellant told appellee to pay the General Motors Acceptance Corporation and to apply the balance on other unpaid bills which he had contracted. She testified further that she paid the $381 to the General Motors Corporation and the balance on other debts which she enumerated in her testimony. As far as the

evidence is concerned in this case, we hold that there is sufficient evidence to sustain the finding of the court.

The only other alleged error in the motion for a new trial was the refusal of the court to admit certain testimony in evidence. Barbara Schaffner testified that, on Saturday, October 20, 1928, she and appellee, after a visit to the office of the General Motors Acceptance Corporation, located in the Test Building on the Circle, had left such offices and, on Market Street near the Circle, appellee requested and commissioned Barbara Schaffner to ask the appellant, Barbara's mother, if appellant would sign the papers at the Fletcher Savings and Trust Company to get a loan for appellee for an automobile in question. Barbara Schaffner then left the appellee and met appellant to do the Saturday marketing and told appellant what had happened that morning. Barbara Schaffner was then and there asked by appellant's attorney the following question: "What did you tell your mother?" Appellee objected to such question on the sole ground that "it would not be binding here," and appellant then and there made the following offer to prove by her attorney, Mr. Rucker, that if this witness was allowed to answer this question, her answer would be that she, on the evening on which she had the conversation with Thelma Schaffner, said to her mother that Thelma wanted a loan of money, of about $300, to pay the mortgage on the automobile, and that Thelma had asked her (Barbara Schaffner) to ask Mrs. Matilda Miller if she would loan that money to her in order to pay the loan on the automobile. The court thereafter sustained appellee's said objection and appellant at the time excepted to the same. Before any communication from the appellee to the appellant would be binding in the instant case, it would be necessary to show that Barbara Schaffner was the duly authorized agent of the appellee for that purpose. The burden of

showing such authority would be upon the appellant. The testimony in this case shows that the appellee denies having granted any such authority and the court had the right to hold that appellant had not discharged the burden of proving agency and, therefore, rightfully refused to admit any testimony concerning what the witness, Barbara Schaffner, said to appellant or what appellant said to Barbara Schaffner.

In any event, the error, if any, would be harmless, for the reason that appellant herself testified that she had no dealings with anyone except the appellee herself.

There being no reversible error, the judgment is affirmed.